## Austin State Bank v. Elizabeth Morrison, Executrix, et al.

### Gen. No. 13,019.

BILL OF REVIEW—*propriety of counter-affidavits upon hearing of petition for leave to file.* Counter-affidavits upon the hearing of a motion and petition for leave to file a bill of review, upon the ground of newly discovered evidence, are admissible to show whether the evidence claimed to be new was in fact new, or to

state circumstances or explain the nature of the evidence claimed
to be new, to enable the court the better to judge of its relevancy
and materiality. But the statements of the petition and affidavit
filed in support thereof as to such newly discovered evidence must,
upon such hearing, be taken as true. The truth of such statements
is not to be decided upon affidavits, but upon the new hearing if
leave to file a bill of review be granted.

Bill in chancery. Appeal from the Superior Court of Cook
County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the
Branch Appellate Court at the March term, 1906. Reversed and re-
manded wth directions. Opinion filed April 12, 1907.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

EDWIN C. CRAWFORD, for appellee, William Sullivan.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the petitioner from an order deny-
ing its motion and petition for leave to file a bill of review
upon discovery of new matter in a cause in chancery to which
appellant was a party as an intervening petitioner.

The bill in the cause was filed March 19, 1901, by John
J. Morrison, James D. Morrison and William Sullivan
against George I. O'Brien, for the dissolution of the co-
partnership theretofore existing between said parties under
the name of J. J. Morrison & Co. and O'Brien. Upon the
filing of the bill the court appointed a receiver of said co-
partnership.

The appellant bank filed in said cause, April 21, 1902,
its petition alleging that it purchased, April 15, 1901, cer-
tain warrants of the town of Cicero from Thomas O'Brien,
that said receiver claimed that said warrants belonged to said
firm. In support of its petition the bank filed the affidavit
of Thomas O'Brien, which states that said warrants were
delivered to him by said George I. O'Brien in part payment
for money due and then owing from said George I. O'Brien
to said Thomas O'Brien, and that he sold the same to said
bank.

Before this petition was filed, George I. O'Brien filed
his answer to said bill, in which he stated: "that the consid-

eration of said transfer and delivery of said warrants and vouchers was for money due and then owing to said Thomas· O'Brien by this defendant."

The same statement was made in the cross-petition of the receiver, filed March 29, 1902, wherein he asked that the bank be ordered to deliver said warrants to him.

Upon the hearing of said intervening petition the chancellor found and decreed that said warrants were the property of said bank, and that the receiver of said co-partnership had no interest therein. From this order and decree, William Sullivan, one of the complainants, prosecuted an appeal to this court, where the decree was affirmed. Morrison v. Austin State Bank, 113 Ill. App., 654. Upon a further appeal to the Supreme Court, the decree of the Superior Court and the judgment of this court were reversed and the cause remanded to the Superior Court: "with directions to dismiss the intervening petition of appellee, and to make such order in reference to the ownership of said warrants as shall conform to this opinion and equity may require." Morrison v. Austin State Bank, 213 Ill., 472–487.

That the warrants in question were transferred to Thomas O'Brien by George I. O'Brien in payment of money due and owing by George I. O'Brien to Thomas O'Brien, was not controverted at the hearing which resulted in the decree from which the former appeal was prosecuted. The question before the Superior Court, and before this court and the Supreme Court on the appeal was purely a question of law, viz.: whether the receiver or the bank was entitled to the warrants purchased by the bank from Thomas O'Brien, to whom they had been transferred by George I. O'Brien, a member of the co-partnership, in payment of a past debt due, not from the co-partnership, but from George I. O'Brien. The conclusion stated by the Supreme Court in the opinion was that when Thomas O'Brien received the warrants which were the property of the co-partnership from his son, a member of the firm, for a past debt owing by his son individually, he knew that his son was perpetrating a fraud

upon the partnership, and being a party to that fraud, he did not and could not take anything by it; that therefore Thomas O'Brien received no title to the warrants and could transfer none to the bank.

The remanding order of the Supreme Court was filed June 16, 1905. July 12, 1905, said Thomas O'Brien filed in the cause an intervening petition, which states that an agreement existed between J. J. Morrison & Co. and O'Brien and himself, by which said Thomas O'Brien was to act as general superintendent for said firm, and was to receive as compensation a sum of money equal to 20 per cent of all profits of each job; that there became due him for such work about $3,000, of which $1,700 only has been paid; that there is still due him $1,300. Prays for an accounting and payment to him of such sum as may be found due from money in receiver's hands.

November 1, 1905, appellant filed in the cause its petition for leave to file a bill of review. In this petition are set out the proceedings in the cause down to October 15, 1905, on which day, in pursuance of the mandate of the Supreme Court, a decree was entered that appellant deliver to said receiver said warrants, and that its intervening petition be dismissed. It is then averred that since the rendition of the decree which was reversed by the Supreme Court, there has come to the knowledge of petitioner new matters of great importance in said cause. The new matter is set out in the affidavit of Thomas O'Brien read in support of the petition as follows:

"This affiant further says that the facts are, and that he is ready and willing to, and will testify whenever requested, that the said George I. O'Brien was not on February 27, 1901, when said warrants were transferred to this affiant, indebted to this affiant in any sum whatever, except as a member of and together with all other members of the said firm of 'John J. Morrison & Co. and O'Brien,' and that said firm and the members thereof were on said date indebted to this affiant for more than three hundred dollars ($300) for money advanced by this affiant for said firm, and in

about the sum of three thousand dollars ($3,000) for services rendered said firm, upon the express agreement and understanding with all the members of said firm, that he, this affiant, was to receive for services as general foreman in the work done under the contracts of said firm with said Town of Cicero, a sum equal to twenty per cent (20%) of the profits from said contracts, such amount to be included in the forty per cent (40%) of the profits due his son George I. O'Brien under the written contract of copartnership; that said contracts had on said date been entirely completed, and that there was then due said George I. O'Brien as his share of the profits from said contracts with said Town of Cicero the sum of about forty-five hundred dollars ($4,500) over and above all moneys and warrants previously received by said George I. O'Brien, out of which sum there was due this affiant said sum of about three thousand dollars ($3,000) for his services."

The new matter set out in said affidavit is also set out in the petition substantially as set out in said affidavit. No question is made as to the sufficiency of the formal parts of the petition. It sufficiently shows that the evidence was discovered after the decree was rendered and affirmed; that it could not have been discovered before by the exercise of reasonable diligence; that it is not merely cumulative, and that the petitioner has performed the decree, paid the costs, etc.

The controverted questions in the case are, first: Is the evidence material and such as, if true, ought to produce on another hearing of the cause a different result on the merits? And second, as to the effect to be given to the counter-affidavit of William Sullivan read by complainant in opposition to said petition and motion.

The affidavit of William Sullivan states that said Thomas O'Brien was never in the employ of said firm; that said firm was never indebted to said Thomas O'Brien, either for services or otherwise; that although affiant met Thomas O'Brien almost daily from the time the bill was filed until the decree was entered, Thomas O'Brien did not tell affiant, or, to affiant's knowledge, make any claim that said war-

rants had been transferred to him in payment of any debt due to him by said firm; that George I. O'Brien did not, to affiant's knowledge, make any such claim; that affiant never heard of any such claim on the part of either Thomas or George O'Brien until the summer of 1905, when Thomas O'Brien filed in said cause his intervening petition; that it is not true that said firm made any agreement or arrangement with Thomas O'Brien to employ the said O'Brien or to pay him, whether out of the profits of said firm to George I. O'Brien or otherwise; that affiant was in constant intercourse with his deceased co-partners, John J. and James D. Morrison, up to the time of their death, and never heard either say or intimate that said Thomas O'Brien had been employed by either for said firm, and that he is sure that if Thomas O'Brien had been in the employ of said firm, or if said firm had been indebted to him in any substantial amount, it would have been known to affiant.

Counter-affidavits upon the hearing of a motion and petition for leave to file a bill of review, upon the ground of newly discovered evidence, are admissible to show whether the evidence claimed to be new was in fact new, or to state circumstances or explain the nature of the evidence claimed to be new, to enable the court the better to judge of its relevancy and materiality. But the statements of the petition and affidavit filed in support thereof as to such newly discovered evidence must, upon such hearing, be taken as true. The truth of such statements is not to be decided upon affidavits, but upon the new hearing if leave to file a bill of review be granted. Long v. Granberry, 2 Tenn. Chan., 96; Dexter v. Arnold, 5 Mason, 309; Connolly v. Connolly, 32 Va., 657–666; 2 Barbour Chan. Prac., 95.

The facts stated in the petition and affidavit as to the newly discovered matter, if true, do not show that Thomas O'Brien was a member of the firm of J. J. Morrison & Co. and O'Brien, but that he was employed by said firm under an agreement that he should be paid a salary equal to 20 per cent of the profits arising and growing out of the contracts in question, such profits to be included in the 40

Austin State Bank v. Morrison.

per cent of the profits on said contracts which George I. O'Brien was to receive under the articles of co-partnership.

The petition and affidavit state that at the time of the transfer of the warrants, the firm of J. J. Morrison & Co. and O'Brien was indebted to Thomas O'Brien in the sum of $300 for money advanced to said firm, and in the sum of $3,000 for services rendered under said agreement, and that there was then due George I. O'Brien $4,500 for his share of the profits on said contracts, over and above all moneys and warrants theretofore received by George I. O'Brien. If the firm of J. J. Morrison & Co. and O'Brien was indebted to Thomas O'Brien in a sum exceeding the amount of the warrants in question, then George I. O'Brien had authority to transfer said warrants to Thomas O'Brien in payment or part payment of such indebtedness.

In the opinion of the majority of the court, not including the writer of this opinion, the petition and affidavit well and sufficiently aver and set out newly discovered evidence which, if true, show that at the time of the transfer of said warrants by George I. O'Brien to Thomas O'Brien, the co-partnership of J. J. Morrison & Co. and O'Brien was indebted to Thomas O'Brien for services rendered and moneys advanced by him to said firm in a sum exceeding the amount of the warrants in question, the newly discovered evidence is therefore material and such as, if true, ought to produce on another hearing of the cause a different result on the merits, and the chancellor erred in denying the motion and petition of appellant for leave to file a bill of review and dismissing said petition.

The order appealed from will therefore be reversed and the cause remanded to the Superior Court, with directions to allow the motion and petition of appellant for leave to file a bill of review.

*Reversed and remanded, with directions.*